# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON LEE BROWN,** | ) |
| Plaintiff, | ) |
| v. | ) No. CIV 20-124-RAW-SPS |
| **JAMES YATES, et al.,** | ) |
| Defendants. | ) |

## OPINION AND ORDER

On July 21, 2020, this action was dismissed without prejudice for Plaintiff's failure to file an amended complaint as directed by the Court, and Judgment was entered (Dkts. 14, 15). On July 23, 2020, Plaintiff submitted a motion for leave to file an amended complaint to add a party (Dkt. 16). Therefore, the Court Clerk is directed to reopen this case. Plaintiff's motion for leave to file an amended complaint (Dkt. 16) is GRANTED, and he is directed to file an amended complaint within twenty-one (21) days.

A review of the original complaint (Dkt. 1) shows that Plaintiff named 23 defendants in the caption: James Yates, Kevin Brown, Terry Underwood, Antwone Berry, Mrs. Bailey, Mr. Keyes, Mark Mowers, Mark Gentry, Mr. Perez, Ms. Patterson, Mr. Lysinger, Mr. Gloria, Mr. J.C. Colbert, Mark Knutson, Joe Allbaugh, Gloria Goodwin, Ms. Vance, Mr. Riddle, Rhonda Shivey, Ms. Doorman, Kevin Davis, Michael Dupris, and Andrew (last name presumably Smith). In the body of the original complaint, however, Plaintiff has added Defendant FNU Louthan. *Id.* Further, the body of the original complaint does not include Defendants Patterson, Gloria, or Riddle, but it lists Defendants Mowers and Smith twice. *Id*. at 4, 8-10. The original complaint, therefore, does not comply with Fed. R. Civ. P. 10(a) which requires that the names in the caption of the complaint be identical to those contained in the body of the complaint.

Within twenty-one (21) days of the entry of this Order, Plaintiff must file an amended complaint on this Court's form. The amended complaint must set forth the full name of each person he is suing under 42 U.S.C. § 1983, with each defendant listed in both the caption and the body of the document. Plaintiff is responsible for providing sufficient information for service of process. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff proceeding *in forma pauperis* and pro se had responsibility to provide correct names and proper addresses for service of process).

The original complaint lists four claims for relief, however, Plaintiff fails to allege how each individual defendant violated his constitutional rights (Dkt. 1 at 11-12). The Tenth Circuit has explained that when a § 1983 plaintiff includes a "government agency and a number of government actors sued in their individual capacities," then "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

The amended complaint must include a short and plain statement of when and how each named defendant violated Plaintiff's constitutional rights and showing Plaintiff is entitled to relief from each named defendant. *See* Fed. R. Civ. P. 8(a). Plaintiff also shall identify a specific constitutional basis for each claim. *See id*. He is admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim. Plaintiff must go further and state how the named defendant's personal participation violated his constitutional rights. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by the plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.

2009) (citations omitted).  The Court only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

The amended complaint must include all claims and supporting material to be considered by the Court.  *See* Local Civil Rule 9.2(c).  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint or exhibits.  *Id*.  An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.  *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990).  *See also* Local Civil Rule 9.2(c).  Pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

**ACCORDINGLY,**

1. The Court Clerk is directed to reopen this case.
2. Plaintiff is directed to file within twenty-one (21) days an amended complaint on the Court's form as directed in this Order.
3. The Court Clerk is directed to send Plaintiff a copy of the form for filing an amended civil rights complaint in this Court.
4. Failure to comply with this Order will result in dismissal of this action without further notice.

**IT IS SO ORDERED** this 23rd day of July 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma