**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDON LEE BROWN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 20-124-RAW-SPS** |
| | ) | |
| **JAMES YATES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER DENYING PLAINTIFF'S
THIRD AND FOURTH MOTIONS FOR APPOINTMENT OF COUNSEL**

On May 26, 2020, Plaintiff filed a motion for appointment of counsel in this action, alleging he could not afford counsel, his incarceration limits his ability to litigate, and a trial could involve conflicting testimony (Dkt. 7). The Court denied the motion on June 24, 2020 (Dkt. 11), finding that after reviewing the merits of Plaintiff's claims, the nature of the factual issues, his ability to investigate crucial facts, the complexity of the legal issues, and his ability to present his claims, appointment of counsel was not warranted (Dkt. 11).

On July 17, 2020, Plaintiff filed a second motion for appointment of counsel (Dkt. 13). This action, however, was dismissed without prejudice on July 21, 2020, because he had failed to file an amended complaint as directed by the Court (Dkt. 14). Therefore, the Court did not rule on the second motion.

On July 23, 2020, Plaintiff submitted a motion for leave to file an amended complaint (Dkt. 16) and the case was reopened on that date (Dkt. 20). Plaintiff has since filed third and fourth motions for appointment of counsel, each raising the issues in the first motion for

appointment of counsel plus additional issues (Dkts. 17, 80).

In the third and fourth motions, he alleges he is "competent 'though limited,'" however, he has a mental disease and suffers from PTSD (Dkt. 17 at 1, 3; Dkt. 80 at 2-3). Plaintiff reiterates his claim in the amended complaint (Dkt. 21 at 8) that he was stripped naked in front of male and female officers, "without knowing anyone's 'sexual preference'" (Dkt. 17 at 1; Dkt. 80 at 2). He contends this act was committed "out of retaliation for refusal of extortion tactic to humiliate him" (Dkt. 17 at 1-2). In addition, he allegedly was beaten unconscious, then twice denied medical treatment (Dkt. 17 at 2; Dkt. 80 at 2). Plaintiff maintains the issues in his case are complex and will require significant research and investigation (Dkt. 17 at 2-3).

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Plaintiff's claims, the nature of

the factual issues raised in his allegations, and his ability to investigate crucial facts. *See*

*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650

F.2d 885, 887-88 (7th Cir. 1981)).  The Court concludes the issues are not complex, and

Plaintiff appears capable of adequately presenting facts and arguments.

**ACCORDINGLY,** Plaintiff's third and fourth motions for appointment of counsel

(Dkts. 17, 80) are DENIED.

**IT IS SO ORDERED** this 14th day of January 2021.


Ronald A. White
United States District Judge
Eastern District of Oklahoma