IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDON LEE BROWN,

        Plaintiff,

vs.

        Case No. CIV-20-124-RAW-SPS

JAMES YATES, et al.,

        Defendants.

## REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS ASSERTED IN CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983

        COMES NOW Darrell L. Moore, Attorney for Defendants, and hereby certifies as follows:

- I have received the attached Court Ordered Special Report;
- I have electronically filed the same with this Court; and,
- I have provided the Plaintiff a copy of such report as shown in my Certificate of Service, attached to the end of this document.

        Respectfully submitted,
        Defendants

*/s/ Darrell L. Moore*

DARRELL L. MOORE, OBA #6332
By: DARRELL L. MOORE, OBA 6332
COURT PLACE AT NORTH VANN
P.O. BOX 368
PRYOR, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for Defendants Vance, Keyes, Perez, Dorman, Patterson, Brown, Gentry, Bailey, Shivley, Louthan, Lysinger, Mowers, Goodwin, Riddle, Davis, Dupris, Berry, Underwood, Smith, and Choate.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDON LEE BROWN,
        Plaintiff,

vs.

JAMES YATES, et al.,

        Defendants.

Case No. CIV-20-124-RAW-SPS

### REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS ASSERTED IN CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. SECTION 1983

COME NOW the officials in charge of Davis Correctional Facility ("DCF") and in accordance with the Order issued by the Court on January 22, 2021 [Doc.#88] directing the preparation of a *Special Report* do submit herein a written report of review of the subject matter of the amended complaint filed by inmate Brown in the above styled action. A review was made of the above styled case and the following was ascertained and determined:

### INITIAL STATEMENT

Plaintiff Brandon Lee Brown, ODOC# 592090, appears pro se. Plaintiff Brown is an inmate in the custody of the Oklahoma Department of Corrections, who is currently housed at the Oklahoma State Penitentiary. At all times relevant to the allegations contained in his amended complaint Plaintiff Brown was housed at Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between Corrections Corporation of America, Inc., (now known as CoreCivic, Inc.) and the Oklahoma Department of Corrections. CoreCivic, Inc., owns and operates the Davis Correctional Facility. Defendants Vance, Keyes, Perez, Dorman, Patterson, Brown, Gentry, Bailey, Shivley, Louthan, Lysinger, Mowers, Goodwin, Riddle, Davis, Dupris, Berry, Underwood, Smith, and Choate were at all times relevant to Plaintiff Brown's allegations

employees of CoreCivic, Inc., at the Davis Correctional Facility. Defendants include the facility leadership (i.e., Warden, Assistant Wardens, Chief of Security, Chief of Unit Management), Shift Supervisors, Unit Managers, Case Managers, Counselors, Security Officers, Library Supervisors, the facility Grievance Coordinator, and medical staff members.

Plaintiff Brown filed his Amended Complaint with this Court on August 10, 2020 [Doc.#21]. The District Court had allowed Plaintiff, by Order dated July 23, 2020, to file an Amended Complaint but had directed Plaintiff to use the Court's form and to include on the Court's form all claims and supporting materials to be considered by the Court. The District Court also noted that the Amended Complaint should not reference or attempt to incorporate material from Plaintiff's original complaint or exhibits. [Doc.#20].

Contrary to the Court's Order of July 23, 2020, Plaintiff Brown's Amended Complaint is not on the Court's form for *pro se* complaints. Plaintiff Brown filed an amended complaint that is 34 pages of handwriting, on standard notebook paper, containing 184 separately numbered paragraphs. The Court's available form for a *pro se* Prisoner Civil Rights Complaint contains specific sections for an inmate's *Statement of Claims* and articulation of specific allegations of when, where, what, who, and how a Plaintiff's rights were allegedly violated. Inmate Brown's amended complaint has required an application of a degree of guesswork and interpretation to identify the claims of the Plaintiff. If this Honorable Court determines a claim of Plaintiff's has not been specifically addressed in this *Special Report*, a supplemental *Special Report* can be prepared.

### CLAIMS MADE BY PLAINTIFF BROWN IN HIS AMENDED COMPLAINT OF AUGUST 10, 2020.

**Claim 1: That Plaintiff was subjected to cruel and unusual punishment at Davis Correctional Facility between July 25, 2019 and August 1, 2019 in violation of his constitutional rights.**

In support of these allegations, Plaintiff Brown claims facility staff roughly handled him while searching him for contraband, strip-searched him, did not return his clothing for several days, held him in a cell in poor conditions, and denied him needed medical care.

### Claim 2: That Plaintiff was subjected to cruel and unusual punishment at Davis Correctional Facility on or about November 22, 2019 in violation of his constitutional rights.

In support of these allegations, Plaintiff Brown claims facility staff used excessive force while removing him from his assigned cell and that the excessive force was in retaliation for Plaintiff attempting to file a lawsuit regarding his July 2019 issues.

### Claim 3: That Plaintiff was subjected to cruel and unusual punishment at Davis Correctional Facility on or about February 13, 2020 in violation of his constitutional rights.

In support of these allegations, Plaintiff Brown claims facility staff used excessive force while removing him from his assigned cell and that following the use of excessive force he was denied needed medical care.

### Claim 4: That Plaintiff was obstructed by staff at Davis Correctional Facility in his efforts to exhaust his claims using the administrative remedies process in violation of his constitutional rights.

In support of these allegations, Plaintiff Brown claims that facility staff improperly handled and returned his submitted grievances and improperly placed him on grievance restriction in an effort to deny him access to the Courts.

## INVESTIGATION

At all times relevant to this lawsuit and these Defendants, Plaintiff Brown was housed by the Oklahoma Department of Corrections at the Davis Correctional Facility, in Holdenville, Oklahoma. For purposes of completing this report, the undersigned spoke with appropriate staff members at Davis Correctional Facility to include security staff, medical staff, and the facility's Grievance Coordinator.

Incident report records for July 25, 2019, November 22, 2019, and February 13, 2020 are attached hereto as Exhibits 1, 2, and 3 respectively.

On July 25, 2019, while being escorted by security officers inmate Brown pulled away from the Officers and began to swing his elbows in an aggressive manner. The Officers placed him on the ground and additional Officers responded. Inmate Brown was taken to the facility's medical clinic, was examined, and then placed into an observation cell due to staff's suspicion of his illicit drug use. *See* Exhibit 1. According to the attached comprehensive report, staff actions were determined to be appropriate.

On November 22, 2019, Shift Supervisor James Lysinger was conducting rounds in the Fox Delta Intensive Supervision Housing Unit. At cell #105, he instructed inmate Brown to remove items that obstructed security staff view into the cell. Inmate Brown refused. Shift Supervisor Lysinger then instructed inmate Brown to submit to hand restraints or oleoresin capsicum would be deployed into the cell. Inmate Brown again refused. Shift Supervisor Lysinger then deployed two short bursts of OC into the cell and onto inmate Brown's upper torso. Inmate Brown was subsequently evaluated by medical staff and then escorted to segregation. *See* Exhibit 2.

On February 13, 2020, inmate Brown refused to submit to hand restraints when ordered by security staff. He was to be placed on property restriction due to his recent behavior. Attempts to deescalate were not successful and an extraction team was assembled. The extraction team entered inmate Brown's cell and removed him from the cell. Medical staff examined inmate Brown and he was returned to his cell. *See* Exhibit 3. According to the attached comprehensive report, staff actions were determined to be appropriate.

Inmate Brown was evaluated by medical staff after each of these three incidents. *See* Exhibit 1, Page 4, Exhibit 2, Page 5, Exhibit 3, Page 7, Exhibit 4, Pages 14-15, and Exhibit 4, Pages 16-17.

Additionally, inmate Brown was regularly seen by medical staff while he was at Davis Correctional Facility, as shown by medical records for Brandon Brown attached as Exhibit 4. For example, he submitted a Request for Health Services on August 10, 2019 regarding his itchy left foot, and he was seen by medical staff on August 16, 2019. *See* Exhibit 4, Pages 4-5. On August 20, 2019, he again submitted a Request for Health Services regarding bumps on his skin and was seen by medical staff on August 28, 2019. *See* Exhibit 4, Pages 6-8. On August 27, 2019 he submitted a Request for Health Services stating he had ringworm. He was seen by medical staff on August 29, 2019. *See* Exhibit 4, Pages 9-10. On October 22, 2019, he submitted a Request for Health Services stating his nose was bleeding. He was seen the same day by medical staff. *See* Exhibit 4, Pages 11-13. On February 13, 2020, he submitted a Request to Staff stating he needed something for headaches. He was seen by medical staff on February 18, 2020. *See* Exhibit 4, Pages 18-22. He complained of facial spasms on the left side of his face and was seen by medical staff on March 10, 2020. *See* Exhibit 4, Pages 23-24. He was seen again for complaints of headaches on March 16, 2020. *See* Exhibit 4, Pages 25-26. And, though he submitted a Request for Health Services on February 27, 2020 asking that his face be x-rayed, on February 28, 2020 he refused to go to sick call and be seen by the medical staff. *See* Exhibit 4, Pages 27-29. When he submitted a Request for Health Services on March 24, 2020, regarding jock itch, he was seen by medical staff the next day, March 25, 2020. *See* Exhibit 4, Pages 30-32. And finally, when he submitted a Request for Health Services on March 31, 2020 asking for an x-ray of his skull, the medical staff responded to the submitted request on April 1, 2020. *See*

Exhibit 4, Page 33. It appears from the medical records that medical staff were attentive to inmate Brown and responsive to his submitted Requests for Health Services.

## ADMINISTRATIVE REMEDIES

An administrative remedies grievance policy is available for inmate use at Davis Correctional Facility. As set forth above, Davis Correctional Facility is a private prison contracted with the Oklahoma Department of Corrections for the housing of DOC inmates. Administrative remedies are available to inmates at Davis Correctional Facility. Davis Correctional Facility follows the Oklahoma DOC administrative remedies policy, DOC OP-090124, attached hereto as Exhibit 5. *See also* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶4.

The Oklahoma DOC administrative remedies policy first requires an inmate to attempt to resolve any issue through informal resolution. This is done by the inmate submitting a Request to Staff to the appropriate staff member. If the inmate is not satisfied with the response from the staff member, he must then file a formal grievance, attaching to the grievance the Request to Staff with the response from the staff member. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶5.

Should the Plaintiff remain unsatisfied following the filing of the grievance, and the grievance response, the final step directs an inmate to appeal the matter to the Oklahoma DOC's Administrative Review Authority and/or Chief Medical Officer. The ruling of the administrative review authority or chief medical officer is final and concludes the administrative remedy process for inmates within the jurisdiction of the Oklahoma Department of Corrections. Only then will an Oklahoma DOC inmate have satisfied the exhaustion of internal administrative remedies required by Oklahoma Statute, 57 O.S. § 564. *See* Exhibit 5, DOC OP-

090124, ¶VII, Appeal Process and Procedure; *see also* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶5.

**Plaintiff Brown's use of the Administrative Remedies Process:**

Ms. Underwood, the Davis facility's Grievance Coordinator, has reviewed the facility's records and logs for the time period inmate Brown was confined at the Davis Correctional Facility. According to Ms. Underwood, inmate Brown filed 35 grievances between September 24, 2019 and June 4, 2020. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶6.

During November 2019, inmate Brown was warned that it appeared he was abusing the administrative remedies process. On December 31, 2019, inmate Brown was placed on grievance restriction, consistent with the provisions of DOC policy OP-090124. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶7.

Ms. Underwood personally met with inmate Brown on a number of occasions and reviewed his submitted grievances with him and pointed out to him procedural errors he had made and discussed with him how those errors could be corrected by him. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶11. When a submitted grievance was returned to inmate Brown, Ms. Underwood also provided him a return memorandum that specifically indicated why the grievance was being returned. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶10-11.

According to Ms. Underwood, her review of the facility's grievance records indicated that 14 of the grievances filed by inmate Brown appear to relate to claims he brought forward to the Court. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶12.

Those fourteen grievances were identified as follows - Grievance No. 2019-1001-00351-G; Grievance No. 2019-1001-00352-G; Grievance No. 2019-1001-00403-G; Grievance No.

2019-1001-00406-G; Grievance No. 2019-1001-00417-G; Grievance No. 2019-1001-00426-G; Grievance No. 2019-1001-00440-G; Grievance No. 2020-1001-00055-G; Grievance No. 2020-1001-00070-G; Grievance No. 2020-1001-00072-G; Grievance No. 2020-1001-00082-G; Grievance No. 2020-1001-00087-G; Grievance No. 2020-1001-00088-G; and, Grievance No. 2020-1001-000188-G. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶13-26. These records are attached to this Special Report as Exhibit 7.

A review of these grievances indicates that none of inmate Brown's grievance submissions were properly submitted. *See* Exhibit 6, Affidavit of Terry Underwood, Grievance Coordinator, ¶27.

## ACTION TAKEN OR RECOMMENDED

No further action is recommended at this time from the Davis Correctional Facility. It appears from the available records that the security staff actions were appropriate, the medical staff was attentive and responsive, and that administrative remedies were available to inmate Brown but were not followed through properly to exhaustion.

## OTHER CASES PENDING

None by Plaintiff of which the undersigned is aware.

Respectfully submitted,

Johnanna Oglesby, CP
Special Report Coordinator for
DCF/CCA

STATE OF OKLAHOMA )
) SS:
COUNTY OF MAYES )

Before me, the undersigned authority, personally appeared the Affiant herein, who after being duly sworn on oath, deposed and stated as follows:

1. My name is Johnanna Oglesby. I am over the age of twenty-one years and am otherwise competent to testify in this matter.

2. I am a Certified Paralegal. I am the Special Report Coordinator for Corrections Corporation of America and Davis Correctional Facility.

3. Pursuant to this Court's Order, and at the request of the Administration of Davis Correctional Facility, Holdenville, Oklahoma, I have prepared the foregoing special report in the case of <u>Brown vs. Yates, et. al.,</u> in the United States District Court for the Eastern District of Oklahoma, CIV-20-124-RAW-SPS

4. The information set forth therein is true, complete, and correct to the best of my knowledge, information and belief.

Further affiant sayeth naught.

_____
JOHNANNA OGLESBY

Subscribed and sworn to before me this 22nd day of March 2021, by Johnanna Oglesby.

_____
NOTARY PUBLIC

My commission expires: 6/25/2022
My commission number: 02010855

## Certificate of Service

I hereby certify that on March 22, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑ I hereby certify that on March 22, 2021, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Brandon Brown, DOC #592090
Oklahoma State Penitentiary
P.O. Box 97
McAlester, OK 74502-0097

_____
DARRELL L. MOORE