# Special Report
# Exhibit 6:

# Affidavit of Terry Underwood, Grievance Coordinator, Davis Correctional Facility

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON LEE BROWN,** | |
| **Plaintiff,** | |
| **vs.** | **Case No. CIV-20-124-RAW-SPS** |
| **JAMES YATES, et al.,** | |
| **Defendants.** | |

## AFFIDAVIT

**State of Oklahoma**    )
                             ) ss:
**Hughes County**         )

COMES NOW Terry Underwood, having been previously sworn, and stating as follows:

1.     I am the Grievance Coordinator at Davis Correctional Facility, Holdenville, Oklahoma. I am employed by CoreCivic (formerly "Corrections Corporation of America,") a corporation with its principal offices located in Nashville, Tennessee. CoreCivic owns and operates the Davis Correctional Facility.

2.     Brandon Brown, ODOC #592090 is currently housed at the Oklahoma State Penitentiary in McAlester, Oklahoma. At all times relevant to this above styled action, he was housed at Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between CoreCivic, Inc., and the Oklahoma Department of Corrections.

3.     I have been employed at Davis Correctional Facility for approximately 23 years. I became the Grievance Coordinator at the Davis facility during September 2012. As part of my duties in this position, I maintain all the grievance records and logs for the prison facility. I am very familiar with the grievance process and the Oklahoma DOC administrative remedies policy.

4.     An administrative remedies grievance policy is available for inmate use at Davis Correctional Facility.  The policy is Oklahoma DOC's grievance policy, OP-090124.  The Oklahoma DOC administrative remedies policy clearly sets out the steps an inmate must follow to exhaust administrative remedies.

5.     The Oklahoma DOC administrative remedies policy, OP-090124, requires an inmate to initially attempt to resolve any issue through informal resolution. Then, if the inmate remains not satisfied, he must file a formal grievance.  The final step in the administrative remedies process directs an inmate to make a final appeal of his concerns to the Oklahoma DOC Administrative Review Authority at the Oklahoma DOC Headquarters.

6.     I have reviewed our administrative remedies records regarding Brandon Lee Brown. While he was confined at Davis Correctional Facility, Mr. Brown submitted 35 grievances between September 24, 2019 and June 4, 2020.

7.     During November 2019, inmate Brown was warned that he was abusing the administrative remedies process and that if he continued, he could be placed on grievance restriction.  Inmate Brown continued his abuse of the process and on December 31, 2019, consistent with the provisions contained in Oklahoma DOC policy OP-090124, the facility Warden determined inmate Brown had abused the administrative remedies process and placed him on grievance restriction for one year, from December 31, 2019 until December 31, 2020. The Warden determined that inmate Brown had repeatedly submitted grievances or Requests to Staff about an issue previously addressed by staff in written responses and that inmate Brown had continued to submit grievances with procedural defects after having been previously warned.

8.    An inmate placed on grievance restriction is not prevented from filing a grievance. Section IX of OP-090124 sets out what steps an inmate placed on grievance restriction must take in order to file a grievance at any level of review.

9.    While he was confined at Davis Correctional Facility, inmate Brown periodically stated that he did not know how to file a grievance. However, inmate Brown's records indicate he has been in the custody of the Oklahoma Department of Corrections since April 8, 2009.

10.    I am available Monday-Friday to our inmate residents to answer their questions about the process. Additionally, my practice is that every time when a grievance is returned to an inmate for procedural errors, I meet with the inmate and tell the inmate what is needed by him to correct the procedural errors. I also provide the inmate with a return memorandum that specifically indicates why the grievance was being returned to him and whether he would be permitted to correct and re-submit the grievance within ten (10) days.

11.    I followed this practice with inmate Brandon Brown. I personally met with inmate Brown on a number of occasions and went over his grievance filings with him and pointed out his procedural errors and discussed with him how those errors could be corrected by him.

12.    I have made diligent search of the facility's grievance records and the grievance logs. During his time at Davis Correctional Facility, my review of the records indicates Mr. Brown filed fourteen (14) grievances that appear to be related to the claims he has brought forward to the Court.

13.    Grievance No. 2019-1001-00351-G was dated by inmate Brown 9/18/19 and was received 9/24/19. Inmate Brown raised issues related to the incident of 7/25/19; he asserted his constitutional rights had been violated. The grievance was returned unanswered on October 11,

3

2019 because of identified submission defects. A written memorandum was provided to inmate Brown specifically identifying the procedural defects in his submission. There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility grievance action. No issues were exhausted by this grievance submission.

14.     Grievance No. 2019-1001-00352-G was dated by inmate Brown 9/18/19 and was received 9/24/19. Inmate Brown raised issues related to the incident of 7/25/19; he asserted staff had acted improperly and that he was related to the Chief of Security. The grievance was returned unanswered on October 11, 2019 because of identified submission defects. A written memorandum was provided to inmate Brown specifically identifying the procedural defects in his submission. There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility grievance action. No issues were exhausted by this grievance submission.

15.     Grievance No. 2019-1001-00403-G was dated by inmate Brown 11/12/19 and was received 11/18/19. Inmate Brown raised issues related to the incident of 7/25/19; he wanted some form of acknowledgment of staff wrongdoing. The grievance was returned to him unanswered on 11/25/19 because of identified submission defects. A written memorandum was provided to inmate Brown specifically identifying the procedural defects in his submission. There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility grievance action. No issues were exhausted by this grievance submission.

16.     Grievance No. 2019-1001-00406-G was dated by inmate Brown 10/31/19 and was received 11/20/19. Inmate Brown raised issues related to the incident of 7/25/19; he asked that staff involved on 7/25/19 acknowledge their wrongdoing. The grievance was returned to him unanswered on 11/25/19 because of identified submission defects. A written memorandum was provided to inmate Brown specifically identifying the procedural defects in his submission.

There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility

grievance action. No issues were exhausted by this grievance submission.

17.     Grievance No. 2019-1001-00417-G was dated by inmate Brown 11/22/19 and

was received 12/4/19. Inmate Brown raised issues related to the incident of 11/22/19; he asserted

he had done nothing wrong on 11/22/19.  The grievance was returned to him unanswered on

12/10/19 because of identified submission defects. A written memorandum was provided to

inmate Brown specifically identifying the procedural defects in his submission. There is no

record of inmate Brown submitting an appeal to Oklahoma DOC of the facility grievance action.

No issues were exhausted by this grievance submission.

18.     Grievance No. 2019-1001-00426-G was dated by inmate Brown 12/16/19 and

was received 12/20/19. Inmate Brown raised issues related to the incident of 7/25/19; he disputed

that he had been under the influence of drugs.  This was determined to be a duplicate of the

earlier submitted grievance no. 2019-1001-00403-G. The grievance was returned to him

unanswered on 12/26/19 because of identified submission defects. A written memorandum was

provided to inmate Brown specifically identifying the procedural defects in his submission.

There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility

grievance action. No issues were exhausted by this grievance submission.

19.     Grievance No. 2019-1001-00440-G was dated by inmate Brown 12/23/19 and

was received 12/27/19. Inmate Brown raised issues related to the incident of 7/25/19; he asked

that video be reviewed to determine who had taken his television.  The grievance was returned

unanswered on 1/15/20 because of identified submission defects. A written memorandum was

provided to inmate Brown specifically identifying the procedural defects in his submission.

There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility grievance action. No issues were exhausted by this grievance submission.

20.     Grievance No. 2020-1001-00055-G was dated by inmate Brown 2/3/20 and was initially received 2/14/20. Inmate Brown again raised issues related to the incident of 7/25/19; he asked that involved employees admit their wrongdoing. The grievance was initially returned to him unanswered on 2/24/20 because of identified submission defects. Inmate Brown resubmitted the grievance on 3/9/20. Relief was denied at the facility level on 3/26/20 and inmate Brown submitted an appeal to Oklahoma DOC of the facility denial. Oklahoma DOC determined the grievance appeal to have been filed improperly by return memorandum dated 5/11/20. No issues were exhausted by this grievance submission.

21.     Grievance No. 2020-1001-00070-G was dated by inmate Brown 2/19/20 and was initially received 2/26/20. Inmate Brown raised issues related to the incident of 2/13/20; he did not request any action by the reviewing authority but stated Assistant Warden Gentry had been in tactical gear and had participated in the incident. Relief was denied at the facility level on 3/11/20 and inmate Brown submitted an appeal to Oklahoma DOC of the facility denial. Oklahoma DOC determined the grievance appeal to have been filed improperly by return memorandum dated 4/8/20. No issues were exhausted by this grievance  submission.

22.     Grievance No. 2020-1001-00072-G was dated by inmate Brown 3/2/20 and was initially received 3/4/20. Inmate Brown raised issues related to the incident of 2/13/20; he stated he was going to file a medical malpractice suit.. Relief was denied at the facility level on 3/20/20 and inmate Brown submitted an appeal to Oklahoma DOC of the facility denial. Oklahoma DOC determined the grievance appeal to have been filed improperly by return memorandum dated 5/11/20. No issues were exhausted by this grievance submission.

23.     Grievance No. 2020-1001-00082-G was dated by inmate Brown 3/3/20 and was initially received 3/6/20. Inmate Brown raised issues related to the incident of 2/13/20; he asked for photographs or video of the incident.  Relief was denied at the facility level on 3/20/20 and inmate Brown submitted an appeal to Oklahoma DOC of the facility denial.  Oklahoma DOC determined the grievance appeal to have been filed improperly by return memorandum dated 5/11/20.  No issues were exhausted by this grievance submission.

24.     Grievance No. 2020-1001-00087-G was dated by inmate Brown 1/7/20 and was initially received 3/4/20. Inmate Brown raised issues related to the grievance process; he asked for an extension of time regarding a Request to Staff he said he submitted on 1/7/20.  Relief was denied at the facility level on 3/20/20.  There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility denial.  No issues were exhausted by this grievance submission.

25.     Grievance No. 2020-1001-00088-G was dated by inmate Brown 3/1/20 and was initially received 3/4/20. Inmate Brown raised issues related to the incident of 2/13/20; he asked for copies of photos taken during the incident.  Relief was denied at the facility level on 3/20/20. There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility denial.  No issues were exhausted by this grievance submission.

26.     Grievance No. 2020-1001-000188-G was dated by inmate Brown 6/2/20 and was initially received 6/4/20. Inmate Brown raised issues related to the incident of 2/13/20; he took exception to the prepared narrative of the incident.  The grievance was returned to him unanswered on 6/18/20.  A written memorandum was provided to inmate Brown specifically identifying the procedural defects in his submission. Inmate Brown was housed at Oklahoma State Penitentiary by that time. On 6/29/20, he refused to sign the return memorandum and a

staff member at OSP noted on the return memorandum that he had received a copy of the returned grievance. There is no record of inmate Brown submitting an appeal to Oklahoma DOC of the facility action.

27.     Based upon my discussions with inmate Brown at his cell in his assigned housing unit, I believe he is appropriately familiar with the inmate/offender grievance process. However, inmate Brown repeatedly did not properly follow the Oklahoma DOC inmate/offender grievance policy and process. My review of the applicable records indicates that none of his grievance submissions dealing with the claims he has brought forward to the Court were properly submitted.

28.     Further Affiant Sayeth Not.

TERRY UNDERWOOD

Subscribed and sworn to before me this _22_ day of March 2021, by Terry Underwood.

NOTARY PUBLIC

My Commission expires: 11/09/23
My Commission number: 15010243

8