UNITED STATES DISTRICT COURT IN THE EASTERN DISTRICT COURT OF OKLAHOMA

BRANDON LEE BROWN #592090,
         PLAINTIFF,   )
                     )
                     )
V.                   ) CASE NO. CIV-24-RAW-SPS
                     ) 20cv124
JAMES YATES, et al.     )
        DEFENDANTS.   )
                     )
                     )

FILED

APR - 6 2021

PATRICK KEANEY
Clerk, U.S. District Court
By_____
     Deputy Clerk

OPPISITION

I. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO RED-RESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER FED. R. CIV. P. 56 (C).

II. PLAINTIFFS

2. PLAINTIFF, BRANDON LEE BROWN #592090, IS AND WAS AT ALL TIMES MENTIONED HERE IN A PRISONER OF THE STATE OF OKLAHOMA IN THE CUSTO-DY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS. HE IS CONFINED IN DAVIS CORRECTIONAL FACILITY, IN HOLDENVILLE, OKLAHOMA.

## III. DEFENDANTS

4. DEFENDANT, JOE M. ALBAUGH, IS THE DIRECTOR / COMMISSIONER OF THE STATE OF OKLAHOMA DEPARTMENT OF CORRECTIONS. HE IS LEGAL-LY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION, INCLUDING DAVIS CORRECTIONAL FACILITY.

5. DEFENDANT, MARK KNUTSON IS A DIRECTOR / DESIGNEE OF THE OKLA-HOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF DIRECTOR / DESIGNEE AND ASSIGNED TO THE OKLAHOMA DEPARTMENT OF CORRECTIONS.

6. DEFENDANT, JAMES YATES IS THE SUPERINTENDENT / WARDEN OF DAVIS CORRECTIONAL FACILITY. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF DAVIS CORRECTIONAL FACILITY.

7. DEFENDANT JC CULBERT IS A CONTRACT MONITOR OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF CONTRACT MONITOR AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

8. DEFENDANT, (AW) MARK GENTRY IS A ASSISTANT / WARDEN OF THE OKLAH-OMA DEPARTMENT OF CORRECTIONS WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF CONTRACT MONITOR AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

9. DEFENDANT, PEREZ, IS A DEPUTY WARDEN OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF ASSISTANT DEPUTY/WARDEN AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

10. DEFENDANT, CHIEF BROWN, IS CHIEF OF SECURITY OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF CHIEF OF SECURITY AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

11. DEFENDANT, VANCE IS A ASSISTANT/CORRECTIONAL OFFICER OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELP THE RANK OF ASSISTANT/CORRECTIONAL OFFICER. AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

12. DEFENDANT, PATTERSON IS A LAW LIBRARY SUPERVISOR OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF LAW LIBRARY SUPERVISOR AND ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

13. DEFENDANT, LOUTHAN, IS A CORRECTIONAL/OFFICER OF THE OKLAHOMA OF CORRECTION'S WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF CORRECTIONAL/OFFICER AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

14. DEFENDANT, KEVES IS A DISCIPLINARY HEARING OFFICER OF THE OKLAHOMA DEPARTMENT OF CORRECTIONS WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF CORRECTIONAL/OFFICER AND WAS

ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

15. DEFENDANT SHIVLEY NURSE IS A NURSE OF THE OKLAHOMA DEPART-
MENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COM-
PLAINT, HELD THE RANK OF NURSE AND WAS ASSIGNED TO DAVIS
CORRECTIONAL FACILITY.

16 DEFENDANT BAILEY IS A TRUSTFUND WORKER OF THE OKLAHOMA
DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS
COMPLAINT, HELD THE RANK OF TRUSTFUND WORKER AND WAS ASSIGNED
TO CORRECTIONAL FACILITY.

17. DEFENDANT, CAPTAIN LYSINGER IS A CAPTAIN OF THE OKLAHOMA
DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COM.
LAINT, HELD THE RANK OF CAPTAIN AND WAS ASSIGNED TO DAVIS
CORRECTIONAL FACILITY.

18. DEFENDANT, MOWERS IS A SUPERVISOR OF THE OKLAHOMA DEPARTMENT
OF CORRECTION WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD
THE RANK OF CAPTAIN AND WAS ASSIGNED TO DAVIS CORRECTIONAL
FACILITY.

19. DEFENDANT DOORMAN IS A ASSISTANT CHIEF OF SECURITY OF THE OKLAHOMA
DEPARTMENT OF CORRECTIONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT,
HELD THE RANK OF CHIEF AND WAS ASSIGNED TO DAVIS CORRECTIONAL FACILITY.

EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS [OR HER] OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

## IV. FACTS

### RESPONSE TO MARK KNUTSON AFFIDAVIT

ATTACHMENT #10

20. I, PLAINTIFF, BRANDON LEE BROWN #592090 BETWEEN DECEMBER OF 2019 AND SEPTEMBER 2020 DID FILE GRIEVANCES ON ANY CORRESPONDENCE, GRIEVANCES OR GRIEVANCE APPEALS REGARDING DENIAL OF ACCESS TO THE GRIEVANCE PROCESS, THE FAILURE OF THE ARA AND ODOC CONTRACT MONITOR TO ADEQUATELY MONITOR AND ENFORCE ODOC POLICIES AT THE DAVIS CORRECTIONAL FACILITY (DCF) AND ODOC OFFICIALS ENACTING POLICIES THAT ARE USED AS A WEAPON AGAINST INMATE(S) BROWN#592090 DUNCAN V. OKLAHOMA DEPT. OF CORRECTIONS S.C.

21. BETWEEN 1-8-20 AND 4-3-20 INMATE BROWN SUBMITTED THE FOLLOWING REQUEST TO STAFF TO ARA: ARA 20-004 REQUESTING A EXPLANATION REGARDING ALLEGED ABUSE OF THE GRIEVANCE PROCEDURE SEE EXHIBIT "T". ARA REFERRED HIM BACK TO DCF FOR A EXPLANATION. IF IM ASKING HOW IS THE CORRECT WAY TO FILE GRIEVANCE AND IS NOT GIVEN A STRAIGHT ANSWER FROM THE ARA WHICH THE PROCESS GOES NO FURTHER. HOW CAN I THEN BE RESPONSIBLE IF IM TELLING THEM IM IN SEGREGATION AT NO FAULT OF MY OWN.

22. BETWEEN 1-8-20 AND 4-3-20 AS EVIDENCE SHOWN IN ATTACHMENT #10 : I AT EVERY LEVEL ASKED QUESTION ON HOW TO FILE PROPERLY EACH TIME RETURNED UNANSWERED TO THE ERROR THE FACILITY NOT ALLOWING ME TO DRAW DOWN AS ALLOWED FROM RESPONSE IN ARA 20-165 ASKING THE ARA TO INFORCE THEIR POLICY AT THE FACILITY SO, THAT I COULD EXHAUST MY REMEDIES THEY DENIED MY REQUEST. THE ONLY OTHER OUTSIDE OF THE YATES ADMINISTRATION TO HAVE SAY IN INCORPORATING CURRENT POLICY IN THE POLICY OF ODOC THAT (OCP) FELT THEY DIDN'T HAVE TO FOLLOW BEING A PRIVATE FACILITY (ALLEGEDLY). PG 9 OF 9 (ALLEGED)? LAW BROKEN LIE-AND BROKEN LAW?

23. ARA 20-108 REQUESTING FOR INDIGENT INMATE AND INMATES ON CANTEEN RESTRICTION BE PROVIDED ENVELOPES DESIGNATED FOR LEGAL MAIL — ARA EXPLAINED THE POLICY REGARDING WHAT INMATES ON CANTEEN RESTRICTION AND INDIGENT INMATES HAVE ACCESS TO REGARDING MAIL. THEY (OCF) NEVER ALLOWED ME ACCESS TO MONEY ON MY BOOKS TO RECIEVE SOME ALLOWABLES TO TRY AND CORRECT THE STEPS THAT SHOULD BE FOLLOWED. HOW IS THAT MY FAULT?

24. OP-030401 Ph.7
LITIGATION RESPONSIBILITIES - A PRIVATE PRISON OPERATOR HOUSING FEDERAL INMATES OR INMATES OF ANOTHER STATE WILL BE RESPONSIBILITY FOR THE REIMBURSEMENT OF ALL REASONABLE COSTS AND EXPENSES INCURRED BY THIS STATE OR A POLITICAL SUBDIVISION OF THIS STATE FOR LEGAL ACTIONS BROUGHT IN THIS STATE BY OR ON BEHALF OF ANY FEDERAL INMATE OR INMATE OF ANOTHER STATE WHILE INCARCERATED IN THE FACILITY.

25. RESPONSE TO SPECIAL REPORT EXHIBIT #1  PG. 3 OF 6
I ALLEGED DEFAMATION OF CHARACTER I HAVE NEVER BEEN CHARGED
FOR  OK 21-801.T - ROBBERY OR ATT. W/DANG. WEAPON (85 Pct )

26. I ALLEGED SEXUAL HARASSMENT AND THEY IGNORED A CHANCE
TO RESPOND TO ALLEGATIONS IN AMENDED COMPLAINT. THEY ALSO
FABRICATED THE FACT I WAS STILL SITTING STRAPPED TO A GUR-
NEY WHEN THEY REMOVED MY CLOTHES. THEY FAILED TO STATE A  RE-
SPONSE TO THE FACT NO U/A WAS EVER SUBMITTED. FAILED TO
STATE A CLAIM AS TO WHY I WAS FORCED TO GIVE MY BLOOD, DENIED
MEDICAL TREATMENT, BASIC HYGIENE, MAIL, TOILET PAPER, AND
EXTORTION PRACTICES AT THE FACILITY. THEY NEVER DENY IT BECAU-
SE IT WOULD BE ILLEGAL UNDER OATH OF THE COURTS.

27. RESPONSE TO SPECIAL REPORT EXHIBIT #2  PG. 3 OF 6  SPONTANEOUS
USE OF FORCE INCIDENT INVOLVING INMATES. WHICH IS NOT A PART OF
ODOC  POLICY. NO STAFF, NO MEDICAL, AND NO CAMERAS WHERE USED.
OP. USE OF PHYSICAL FORCE
3) A (1) AN INMATE / OFFENDER REFUSES A DIRECT ORDER FROM
STAFF WHEN FAILING TO COMPLY WITH DIRECT ORDER ENDANGERS
THE SAFETY OF THEMSELVES OR OTHERS'; HE FAILED TO DEFEND
THE FACT THAT NO ONE WAS IN DANGER. I TOLD HIM I WOULD
PACK MY PROPERTY BEFORE CUFFING UP. AS YOU CAN SEE IN THE
EXHIBITS SENT I HAD PROPERTY BOUGHT AND PAID FOR AND IT WAS
MISPLACED. SO, I FEEL IT WAS APPROPRIATE TO PACK MY BELONGINGS
SO I DON'T LOSE THE LITTLE THAT I HAD. I NEVER REFUSED!

28. Precautions will be taken to avoid or to minimize such agents onto non-involved persons. My cellmate did nothing wrong.

29. C.(1) Under no circumstances will the manufacturers instructions for use be violated;

30. 7(2) Exept in an emergency (not a planned use of force), the use of chemical agents will not occur until medical staff has screened the inmate(s);

31. VIII. Arrests - A) Limitations: Staff who are commission by the Agency Director may exercise the power of arrest in the performance of agency duties, all arrest will be performed with ~~that~~ the minimum amount of force necessary to affect the arrest.

32. By his own statement he was not required to use physical force/chemical agents toward me. Considering the 300 PD's door that is locked and confines me to a cell I was never a threat to myself, my cellmate, or others.

33. The incident occurred on 11-22-19 I recieved the write-up on 12-14-19. According to ODOC OPS-060125 time frames (e) 4) the offense report will be prepared and submitted to a supervisor within twenty-four hour (24) from when the violation is reported and discovered, an inspector general investigation is complete, or;

34. 1) THE TIME FRAMES PROVIDED FOR IN THIS SECTION WILL BE FOLLOWED BY STAFF. FAILURE TO COMPLY WITH THE TIME FRAMES INDICATED BELOW WILL RESULT IN DISMISSAL OF THE "DEPARTMENT OF CORRECTION REPORT."

35. UNIT MANAGER MARTINEZ IS THE WHO WROTE THE REPORT DATED 12-4-19 THE INCIDENT OCCURRED ON 11-22-19 WELL BEYOND (24) HOURS. I RECIEVED NO EXTENSION ATTACHED TO "OFFENSE REPORT", AS THE OP REQUIRE IT.

36. RESPONSE TO SPECIAL REPORT EXHIBIT #3. ON 3-25-20 I RECIEVED A SUPPLEMENT REPORT ADVISED FROM DIRECTOR OR DESIGNEE UPON RECIEVING IT, I LEARNED THAT MARK MOWERS IS THE OFFICER WHO WROTE THE COMPLAINT IS FOR HIM FALSIFYING DOCUMENTS I FIRST NOTICE FROM READING THE REPORT. THE (3RD) SENTENCE IS FALSE AND INCORRECTLY STATED AND INACURATE TALLS OF EVENTS THAT OCCURRED 2-13-20. FIRST "HE" STATED "I TOOK A AGGRESSIVE STANCE; BY DEFENITION (STANCE - A WAY OF STANDING).

37. IN THE SAME SENTENCE SAYS; AND ATTEMPTED TO GET UP FROM THE GROUND; WHICH IS CONFLICTED FROM THE FIRST STATEMENT OF "AGGRESSIVE STANCE" HOW CAN I BE STANDING IF I AM ON THE GROUND? WHICH IS CONFLICTED THE NEXT STATEMENT OF; AND CHARGE THE EXTRACTION TEAM.

38. "OKAY" SO, LETS BREAK THAT DOWN." I "TOOK A AGGRESSIVE STANCE AND ATTEMPTED TO GET UP OFF THE GROUND, HOW THEN

AND CHARGE THE EXTRACTION TEAM. SOUNDS LIKE A ACCUSATION RATHER THAN A FACT.

39. "FIRST OF ALL" IF, NEVER GOT OFF THE GROUND, HOW THEN CAN HE SAY; AND CHARGE THE EXTRACTION TEAM?

40. ON MARCH 16, 2020 I RECIEVED A RESPONSE FROM MARK KNUTSON STATED; ONCE RESTRAINED I ATTEMPTED TO CHARGE THE EXTRACTION TEAM. MARK KNUTSON WROTE THIS STATEMENT OF "ALLEGEDLY" SOME OFFICIAL TOLD HIM AT (DCF), TWO (2) CONTRADICTING STATEMENTS. ONE "ALLEGING" I DID ATTACK, THE OTHER ALLEGATIONS ALL TOGETHER. VIDEO SURVELIENCE TELLS ANOTHER STORY.

41. WHAT RECENT BEHAVIOR WAS I DOING TO BE PLACED ON CELL RESTRICTION? AN ELEMENT "WHAT" BEHAVIOR?

42. THE VIDEO WILL PROVE I WAS NEVER ASKED TO CUFF. UP WHEN MARK GENTRY AND ANASTACIO PEREZ WHERE AT THE DOOR 15-20 MIN BEFORE EXTRACTION TEAM CAME BEFORE.

43. MARK KNUTSON 3-18-20 STATED; AT THIS POINT, THIS OFFICE HAS NO IDEA WHAT OCCURRED ON 2-13-20. THIS IS NO CLERICAL ERROR, IT IS, LEGIBLE AND FALSIFIED! HE ALSO (ALLEGE) 5"1"(ALLEGE) 6 OFFICERS IN TACTICAL GEAR. (VIEW VIDEO FOOTAGE) HE (ALLEGED) I RESISTED BUT, FIRST SENTENCE SAY I COMPLIED WHEN GIVEN VERBAL ORDERS TO SUBMIT TO HAND RESTRAINTS, HUH???

44. HE ALLEGE ABRASION/SCRATCH- I NOW HAVE A (1) INCH INCISION ABOVE MY LEFT EYE WITH A MINOR CUT ABOVE IT, SCARS STILL VISIBLE.

45. INSIDE MY MOUTH A (2) INCH CUT THAT REVEALED CARTALIDGE AND WHIPLAP INSIDE SCAR STILL VISIBLE (REDDENED UNDER LEFT EYE) NOT LIKELY! MY FACE WAS SO SWOLLEN PLASMA SEEP FROM MY PORES. FOR SUCH ALLEGATIONS MADE IN THIS MANNER STATING MINOR INJURIES SURELY WAS DOCUMENTED (SEE PHOTOS).

46. MARK MOWERS (ALLEGEDLY) TRIED TO HIDE FACTS AND FABRICATE OTHERS. "ON THE ACTUAL WRITE-UP IT SEEMS THAT HE, "TYPED IN "POSSESSION OF ILLEGAL DRUG" SOMEONE SCRATCHED THAT OUT. I DON'T CLAIM TO BE THE BRIGHTEST PERSON! BUT SEEMS LIKE I WAS ABOUT TO GET ACCUSSED OF HAVE ILLEGAL DRUGS. WHICH AS I STATED, BEFORE THE ATTORNEY GENERALS OFFICE AND DARRELL MOORE ATTORNEY'S OFFICE FAILED TO DEFEND. THEY CLAIM TO NOT UNDERSTAND?

47. E. EVIDENCE OP-060125 (PG-14) 1-(2) IF SUCH EVIDENCE IS TOO VOLUMINOUS TO BE READILY SECURED IT MAY BE PHOTOGRAPHED OR PHOTOCOPIED AND DESCRIBED IN IT'S ORIGINAL STATE. SAMPLES AND PHOTOCOPIES WILL ALSO BE ATTACHED TO THE "OFFENSE REPORT." I JUST ON THE 24TH DAY OF MARCH 2020 RECIEVE THE PHOTOS.

48. RESPONSE TO SPECIAL REPORT EXHIBIT #4 NURSE SHULEY AND NURSE GOODWIN DENIED ME MEDICAL TREATMENT AT SOME POINT.

49. NURSE SHIVLEY (ALLEGEDLY) DENIED ME ANY MEDICAL AID ON 2-13-20 I WAS BLEEDING FROM MY MOUTH AND EYE AND HAD LACERATIONS BEHIND MY EAR. SHE TOOK MY BLOOD PRESSURE AND DID NOT APPLY ANY OTHER AID. VIEW (CAMERA) IN FOX CLASSROOM AND PICTURES FROM (ACF) ADMINISTRATION. SHE SWORE AND TOOK OATH TO TAKE CARE OF THE SICK, INJURED, AND DYING. SHE DID NOT UPHOLD THAT OATH. SHE SHOWED BIAS IN HER CARE A PATIENT IN NEED OF CARE / AID AND ASSISTANCE.

50. MS. BAILEY TRUST FUND OFFICER (ALLEGEDLY) VIOLATE MY 1ST AMENDMENT RIGHT OF FREEDOM OF SPEECH. I HAD NO MONEY SENT IN SINCE OCTOBER 2019 ½ HALF OF, THAT WAS TAKEN UPON RECEPTION. DATE OF INCIDENT 12-11-19 MY AVAILABILITY IS Ø IS WHAT SHE STATED BUT, NEVER FORWARD ME ANY PROPER FORM TO USE FUNDS THAT WHERE AVAILABLE (SEE ACCOUNT INFO EXHIBITS FOR DETAILS)

51. ALLOWABLE CORRESPONDENCE OP.30117
1) THE VOLUME, LENGTH, LANGUAGE, OR RECIPIENT OF OUTGOING/ INCOMING CORRESPONDENCE. WILL NOT BE RESTRICTED UNLESS THERE IS REASONABLE SUSPICION, BELIEF, OR GROUNDS THAT WARRENT LIMITATION TO PROTECT THE PUBLIC, INSTATUTIONAL ORDER, AND SECURITY. UNLESS OTHERWISE OUTLINED IN THIS PROCEDURE. (4-4486)

52. 3) AN OFFENDER ON SEGREGATION HOUSING STATUS WILL HAVE THE SAME CORRESPONDENCE PRIVILEGES AS OFFENDERS IN GENERAL POPULATION. (4-4266)

53. E. PROVISIONS OF INDIGENT OFFENDER'S SERVICES
1) AN OFFENDER WITHOUT FUNDS WILL BE PROVIDED PAID U.S.
POSTAGE FOR NO MORE THAN A TOTAL OF TWO, ONE-UNCE PRIVIL-
DGED OR NON-PRIVILEDGED LETTERS PER WEEK (4-4489 4 PAGES-6A-06)

54. F. COST ASSOCIATED WITH MAILING THE MATERIAL WILL BE ASSESS-
ED AGAINST THE OFFENDER AND COLLECTED FROM HIS/HER TRUST
FUND. WHEN FUNDS ARE AVAILABLE USING THE "RETURN TO SENDER
NOTIFICATION" FORM (ATTACHMENT A).

55. SHE NEVER SENT A FORM TO FORWARD MY OUTBOUND MAIL
CAUSING TO MISS ATLEAST A FEW DEADLINES. THIS IS HAPPEN-
ING WHILE I WAS TRYING TO FIGHT THE WRITE-UP FOR INCIDENT
THAT OCCURRED 11-22-19. IT ALL SEEMS TOO COINCIDENTAL,
CONSIDERING OTHER GRIEVANCES I HAD FILED. I WAS INDIGENT
AND DENIED THE TWO, ONE-UNCE PRIVILEDGED OR NON-PRIVI-
LEDGED LETTERS PER WEEK.

56. DEFENDANT(AW) PEREZ (ALLEGEDLY) DENIED ME ACCESS
TO OP-030501 ENTITLED "PERSONAL HYGIENE AND APPEARANCE.

57. CANTEEN RESTRICTION
CODE. "AN INMATE MUST ALSO BE ALLOWED ACCESS TO WRITING SUPPL-
IES. THERE IS NOT A DOLLAR AMOUNT LIMIT, BUT A LIMIT TO
THE ITEMS AN INMATE CAN PURCHASE.

58. (1) E. - M.

I HAVE BEEN DENIED OF CANTEEN FOR (7) MONTHS. ACCORDING TO THE POLICY I WAS BEING DENIED BASIC NEEDS OF ANY PERSON. BEING WE ARE RESTRICTED DOWN TO THE BARE MINIMUM OF NECESSARIES. BESIDES, FOOD AND HUMAN NEEDS EVERYTHING ELSE IS A PRIVILAGE. " TO BE DENIED THE BARE MINIMUM AND CHARGED FOR INDIGENT SUPPLIES THAT SUPPOSED TO BE FREE TO INDIGENT INMATES.

59. I CANTEEN A.) B.) C.) ...

I WAS NOT ALLOWED MY ALLOWABLES II ACTION; ANY EXCEPTIONS TO PROCEDURE WILL REQUIRE WRITTEN APPROVAL FROM THE AGENCY DIRECTOR. THIS PROCEDURE IS EFFECTIVE AS INDICATED 06/22/17 SHOW TO ME IN WRITING WHERE THE DIRECTOR CHANGED THE POLICY ON APRIL OR ANY TIME BEFORE THAT.

60. ACCORDING TO MILLER V. CITY OF MISSION, 705 F. 2d 368 (10TH CIR. 1983) "LOCAL GOVERNING BODIES ARE LIABLE FOR CONSTITUTIONAL DEPRIVATIONS WHEN THE IMPROPER ACTIONS STEM FROM A DECISION OFFICIALLY ADOPTED AND PROMULGATED BY THE BODY'S OFFICERS." Id., AT 374, 375, QUOTING MONELL, 436 U. S. at 690. ACCORDING TO THE FIFTH CIRCUIT, "IF ACTIONS OF CITY EMPLOYESS ARE TO BE USED TO PROVE A CUSTOM FOR WHICH THE MUNICIPALITY IS LIABLE, THOSE ACTIONS MUST HAVE OCCURED FOR SO LONG OR SO FREQUENTLY THAT THE COURSE OF CONDUCT WARRENTS THE ATTRIBUTION TO THE GOVERNING BODY OF KNOWLEDGE THAT THE OBJECTIONABLE CONDUCT IS THE EXPECTED, ACCEPTED PRACTICE OF CONDUCT WARRENTS THE ATTRIBUTION TO THE GOVERNING BODY OF KNOWLEDGE THAT THE OBJECTIONABLE CONDUCT IS

THE EXPECTED, ACCEPTED PRACTICE OF CITY EMPLOYEES. "WEBSTER" V. CITY OF HOUSTON, 735 F.2d 838, 842 (5TH CIR. 1984) CEN BANC). THAT HOLDING, WHICH WAS SEVERELY CRITICIZED BY A SUBSTANTIAL DISSENT, APPEARS TO BE AT ODDS WITH MONELL AND TUTTLE.

61. THE TENTH CIRCUIT, IN REFERENCE TO A SUPERVISOR, HAS STATED THAT A PLAINTIFF MUST SHOW THAT THE SUPERVISOR BREACHED SOME DUTY TO PLAINTIFF AND THAT WAS THE THE PROXIMATE CAUSE OF THE INJURY. MCCLELLAND V. FACTEAU, 610 F.2d 693, 695 (10TH CIR. 1979). MCCLELLAND IN OTHER WORDS, THERE ME BE A POLICE OR CUSTO M THERE MUST BE AN AFFIRMATIVE LINK BETWEEN THE MISCONDUCT COMPLAINED OF AND THE ACTION OF THE OFFICIAL. SEE ALSO RIZZO V. GOODE, 423 U.S. 362 (1976).

62. IN ORDER FOR A CITY TO BE LIABLE FOR THE ACTIONS OF AN EMPLOYEE, THERE MUST BE A POLICE OR CUSTOM WHICH CAUSE D THE CONSTITUTIONAL DEPRIVATION. SEE SMITH V. CITY OF OKLAHOMA CITY, 696 F.2d 784 (10TH CIR. 1983). RESPONDEAT SUPERIOR IS INSUFFICIENT. WHERE AN AGENCY'S EMPLOYEE TAKES ACTION ON HIS OWN, NOT PURSUANT TO A STATUE, ORDINA NCE, CUSTOM, et cetera, HIS ACTIVITIES FALL OUTSIDE OF THE SCOPE OF SECTION 1983.

63. V. SUBSECTION
IN MCCLELLAND, THE TENTH CIRCUIT DEFINED THE SECTION 1983 TERM "SUBJECTS, OR CAUSE TO BE SUBJECTED..." THE COURT SAID THAT LANGUAGE IS BROADER THAN DIRECT PERSONAL

INVOLVEMENT. IT INCLUDES A FAILURE TO PERFORM A DUTY WHERE SUCH FAILURE IS THE CAUSE OF THE DEPRIVATION. McCLELLAND, at 696; LUSBY V. T.G. & Y. STORES, INC., 749 F.2d 1423, 1433 (10TH CIR. 1984). THUS, THE COURT HELD THAT THERE IS "A CAUSE OF ACTION UNDER SECTION 1983 WHEN THE DEFENDANT WAS IN A POSITION OF RESPONSIBILITY, KNEW OR SHOULD HAVE KNOWN OF THE MISCONDUCT, AND YET FAILED TO ACT TO PREVENT FUTURE HARM... THE STANDARD TO BE APPLIED IS THE CONDUCT OF A REASONABLE PERSON, UNDER THE CIRCUMSTANCES, IN THE CONTEXT OF THE AUTHORITY OF EACH POLICE CHIEF AND WHAT HE KNEW OR SHOULD HAVE KNOWN." Id., at 697. SEE ALSO HAHN V. McLEY, 737 F.2d 771 (8TH CIR. 1984). THUS, DEFENDANT MUST HAVE BEEN ADEQUATELY PUT ON NOTICE OF PRIOR MISBEHAVIOR.

64. VI. STANDING

THE QUESTION THEN ARISES AS TO WHO IS A PROPER PLAINTIFF. IN LOS ANGELES V. LYONS, U.S. 95 (1983), THE COURT FOUND PLAINTIFF LACKED STANDING BECAUSE PLAINTIFF COULD NOT ESTABLISH A REAL OR IMMEDIATE THREAT OF HARM. ALTHOUGH THIS HOLDING HAS BEEN CRITICIZED AS MISUNDERSTANDING THE CONCEPT OF STANDING, IT CERTAINLY IS CORRECT INSOFAR AS IT STANDS FOR THE PROPO-SITION THAT PLAINTIFF MUST DEMONSTRATE THAT HE IS IN A CLASS OF PEOPLE WHO EITHER HAS BEEN HARMED OR IS ABOUT TO BE HAR-MED OR IS ABOUT TO BE HARMED. OF COURSE, LYONS DOSE NOT RE-STRICT THE RIGHT OF A CITIZEN TO CHALLENGE THE CONSTITUTIONAL-ITY OF A PARTICULAR RULING. A PLAINTIFF, FOR EXAMPLE, MAY ATTEMP TO BRING ACTION WHICH CHALLENGES CONSTITUTIONALITY OF

AN ORDINANCE AND SEEK MONEY DAMAGES AS A RESULT OF THE UNCONSTITUTIONAL PROVISIONS. ALTHOUGH PLAINTIFF MAY HAVE STANDING TO CHALLENGE THE ORDINANCE, HE WILL BE ENTITLED TO NO MONETARY RELIEF UNLESS HE CAN DEMONSTRATE PERSONAL HARM. CF. CAREY V. PIPHUS, 435 U.S. 247 (1978).

65. DEFENDANT'S HARMED PLAINTIFF AS READ IN AMENDED COMPLAINT. SEE PHOTO OF INJURIES, AFFIDAVITS, REQUEST TO STAFFS, AND APPEAL FORMS TO ARA WHERE PLAINTIFF TRIED TO "EXHAUST REMEDIES."

66. A DEPRIVATION OF A BASIC HUMAN NEED (SUCH AS FOOD, CLOTHING, SHELTER, EXERCISE, MEDICAL CARE OR REASONABLE SAFETY) (THE OBJECTIVE ELEMENT). HELLING V. MCKINNEY, 509 U.S. 25, 31-32 (1993)

67. THE EIGHTH AMENDMENT PROTECTS AGAINST CONDITIONS THAT POSE AN UNREASONABLE RISK OF FUTURE HARM, AS WELL AS THOSE THAT ARE CURRENTLY CAUSING HARM. HELLING 509 U.S. at 33.

68. THE ADMINISTRATION KNEW OF ALL GRIEVANCES RELATED TO INCIDENT 7-25-19 AND 11-22-19 BEFORE 2-13-19 I FEEL I WAS RETALIATED AGAINST TO DISCOURAGE ME FROM FILING GRIEVANCES.

69. IT IS NOT ENOUGH TO ALLEGE THAT THE "TOTALITY OF CONDITIONS" IS UNCONSTITUTIONAL; PLAINTIFF MUST ALLEGE DEPRIVATION OF ONE OR MORE IDENTIFIABLE HUMAN NEEDS. WILSON V. SEITER, 501 U.S. 294,

304-05 (1991). PLEASE SEE AMENDED COMPLAINT OF A THINGS MENTIONED WITHIN.

70. ESTELLE V. GAMBLE 429 U.S. 97, 104 (1976); MURPHY V. WALKER, 51 F. 3d 714, 719 (7th CIR. 1995) (TWO-MONTH DELAY IN GETTING PRISONER WITH HEAD INJURY TO A DOCTOR); LEMARBE V. WISNESKI, 266 F.3d 429 (6TH CIR. 2001). cert. denied 535 U.S. 1056 (2002) INDIFFERENCE; HUGHES V. JOILET CORR. CENTER, 931 F.2d 425, 428 (7th CIR. 1991) (EVIDENCE THAT MEDICAL STAFF TREATED THE PLAINTIFF "NOT AS A PATIENT, BUT A NUISANCE").

71. SEE GATES V. COOK, 376 F.3d 323, 332 (5TH CIR. 2004) ("MEN-TAL HEALTH NEEDS ARE NO LESS SERIOUS THAN PHYSICAL NEEDS") TORRACO V. MALONEY, 923 F.2d 231, 234 (1ST CIR. 1991) (DELI-BERATE INDIFFERENCE TO AN INMATE'S SERIOUS MEDICAL HEALTH NEEDS VIOLATE THE EIGHTH AMENDMENT")

72. A "SEVERE" MENTAL ILLNESS IS ONE "THAT HAS CAUSED SIGNIFICA-NT DISRUPTION IN AN INMATE'S EVERYDAY LIFE AND WHICH PRE-VENTS HIS FUNCTIONING IN THE GENERAL POPULATION WITHOUT DIS-TURBING OR ENDANGERING OTHERS OR HIMSELF, TILLERY V. OWENS, 719 F. SUPP. 1256, 1286 (W.D. Pa. 1989), aff'd, 907 F. 2d 418 (3d CIR. 1990

73. LOLISSON V. SANGAMON COUNTY SHERIFF'S DEP'T, 408 F. SUPP 2d 609, 621-22 C.C.D 111. 2006) (PLAINTIFF WAS STRAPPED INTO A WHEELCHAIR FOR SEVERAL HOURS, FORCED TO URINATE ON HIMSELF, AND LEFT SITTING IN HIS URINE FOR SEVERAL HOURS WHILE

IN A MANIC STATE). SEE GRIEVANCES WHERE I COMPLAINED
OF OFFICERS STRIPPING OFF MY CLOTHES IN A HUMILIATING
MANNER, FORCED ME TO EAT WITH THE SAME HANDS I JUST
RELIEVED MY SELF WITH ETC.

74. NEGLIGENCE IS "THE FAILURE TO EXERCISE THE STANDARD
OF CARE A REASONABLE PRUDENT PERSON WOULD HAVE EXCERCISED
IN A SIMILAR SITUATION; ANY CONDUCT THAT FALLS BELOW THE LEGAL
STANDARD ESTABLISHED TO PROTECT OTHERS AGAINST UNREASONABLE RISK
OF HARM, EXCEPT FOR CONDUCT THAT FALLS BELOW THE LEGAL
STANDARD.

75. TORTURE AND CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISH-
MENT, THE INTERNATIONAL CONVENANT ON CIVIL AND POLITICAL RIGHTS;
AND THE INTERNATIONAL COVENANT ON ELIMINATION OF ALL FORMS OF
RACIAL DISCRIMINATION.

76. 1ST AMENDMENT ① THEY HAVE NO SECURITY REASON NOT TO
ALLOW ME TO GRIEVE ② I HAVE NO OTHER WAY OF GRIEVING MY
ISSUES AND GOING TO COURT ③ DISCOURAGES OTHER INMATES ABOUT
THE GRIEVANCE SYSTEM ALL TOGETHER ④ THERE IS NO OTHER WAY
OF GRIEVING MY ISSUES AND GOING TO COURT. COURTS DON'T
HONOR UNEXHAUSTED CLAIMS. TURNER TEST.

77. ① AFRICAN-AMERICAN MALE WHO AM BEING TREATED DIFFERENTLY
FROM OTHER INMATES NON-AFRICAN AMERICAN, WE ARE THE EXAMPLE
OF DEPRIVATION FOR 100 DREDS OF YEARS IN SLAVERY FOR AMERICA
AND HAVE BEEN THE SOUL BASIS OF TORE (RACE) IN AMERICA

SINCE, "I COULD REMEMBER." THREW GRIEVANCES WE HAVE
BEEN HISTORICALLY TREATED UNFAIRLY. DUE TO THE FACT OF
"BLACK HISTORY MONTH." THE MONTH I WAS BRUTALLY BEATEN BY
CORRECTIONAL OFFICERS WITH NO ONE ON MY SIDE BUT "GOD." I
WOULDN'T BE SUPPRISED, EQUAL PROTECTIONS AREN'T WARANTED.

78. I WAS MACED AND TAKEN TO JAIL FOR STATES OWN PERSONAL
REASONS. "WHICH" I BELEIVE WAS TO STOP "PROTECTED ACTION"
FILING A LAWSUIT AGAINST WARDEN. TAKEN "ADVERSE ACTION" BY
PLACING ME IN SEG. WHERE THEY KNOW I CANT HAVE PHYSICAL
ASSISTANCE FOR LAW LIBRARY INMATE ASSISTANT.

79. I WAS IN THE PROCESS OF GRIEVING MY ISSUES ON 7-28-19 —
8-1-19 ASKING FOR COMPENSATION ①

80. 9-2-19 I WAS MACED AND BEAT-UP WITH MINOR INJURIES ②

81. THEY HAD JUST TAUGHT ME OF THE GRIEVANCE PROCESS. SO, I
FILED ALL OLD GRIEVANCES JUST TO EXHAUST MY REMEDIES THEN
11-22-19. I WET MACED WITHOUT REASON I NEVER REFUSED TO
CUFF-UP BUT STATED I WAS GOING TO PACK MY PROPERTY.
DUE PROCESS "POLICY AND PROCEDURE" 2-13-20 I WAS BRUTALLY
BEATEN AND DENIED DUE PROCESS OR REASON. ③

81. "DELIBERATE INDIFFERENCE" ① THE PRISON OFFICIALS KNEW OF THE
LAWSUIT I WAS TRYING TO DO AND TREATED ME DIFFRENT THAN OTHER
INMATES. BY MACING ME, BEATEN ME, UNTIL I WAS UNCONCIOUS AND
~~ACTING DIFFERENT ENTIRE~~.

UNRECOGNIZABLE, STRIPPING ME NAKED IN FRONT OF SEVERAL STAFFS MALE AND FEMALE IN A HUMILIATING MANNER WITHOUT ME KNOWING THERE SEXUAL PREFERENCE (LGBTQ)? I AM A HETEROSEXUAL MALE ONLY THE OPPISITE SEX. NO REJON WAS GIVING FOR TAKING MY CLOTHES OFF I CLAIM, HARASSMENT.

82. THE WOMEN GUARDS HAVE TO BE PRESENT WHEN A FEMALE IS BEING STRIPPED. IDID NOT KNOW IF THEY IDENTIFY AS "LGBTQ I AM A HETRO SEXUAL MALE "STRAIGHT." AFTER "I SAID NO !" WHY REMOVE CLOTHES AFTER PAT SEARCH. WHAT LAW SAY'S IT'S OKAY TO FORCE SOMEONE TO GIVE THEIR BLOOD. DENYING ME BASIC HYGIENE, MAIL, SOAP, SHOWER, SHOWER SHOES, BEDDING AND ACCESS TO LIGHT BEING CUT-OFF. PRISONERS HAVE A FUNDAMENTAL RIGHT TO ACCESS AND USE TO COURT SYSTEM. I WAS HELD IN SEG-REGATION FOR (6) EIGHT MONTHS AFTER ASSAULT & BATTERY, DENIED ME MY DUE PROCESS RIGHT BY FALSLY ARRESSTING ME, RETALIATION, BRUTALLY BEATEN ME, AND DENYING ME MEDICAL TREATMENT.

83. 14TH AMENDMENT ① THE GRIEVANCE RESTRICTION IS MORE INCORPA RATED TOWARD AFRICAN-AMERICAN'S ② THEY INTENDED TO STOP ME FROM BEING VOCAL AND LETTING OTHERS KNOW ABOUT "PRISON CONDITIONS."

84. ASSAULT & BATTERY ① THE NEED OF FORCE USED WAS UNNEC-ESSARY / DUE TO HAND RESTRAINTS, KEVLAR TACTICAL GEAR ② WHAT CAN A 165 PDS MALE DO TO HARM (6) SIX FULL GROWN MEN WHILE CUFFED BEHIND MY BACK AND LAYING ON THE GROUND ③ I NEVER DENIED HAND RESTRANTS AND DID CUFF

UP (4) CONSIDERING THE FIRST THREE NO EXTRACTION WAS NEC-SSARY (5) I WAS BLEEDING FROM MY EYE, BOTH EYES WHERE SWOLLEN AND BLACK, I RECIEVED (2) HOLES IN / OUTSIDE OF MY MOUTH BLEEDING, MY HEAD WAS REPEATEDLY BANGED ON THE CONCRETE CAUSING TEMPORARILY UNCONCIOUSNESS. (I BELIEVE A BONE IN MY FACE WAS FRACTURED). I HAVE HEADACHES AND MUSCLE SPASMS IN MY LEFT CHEEK. STILL DID NOT GET X-RAY I ASKED FOR.

85. 5TH AND 14TH AMENDMENT: ① MORE PROCEDURES ② I HAVE RECIEVE MORE WRITE-UPS IN 6 MTHS THAN I HAVE ANY JUSTICE REGARDING MY TREATMENT AS A HUMAN BEING.

86. I REFUSED A U/A AT HOLDENVILLE GENERAL HOSPITAL NOTING A $1500.⁰⁰ EXTORTION FEE I WILL BE CHARGED. MARCH 21, 2019 I WAS FOUND GUILTY OF A FAILED U/A AND CHARGED $65.⁰⁰ WHICH IS NOT A PART OF DOC PROCEDURE USED TO INTIMIDATE ME AND PUNISH ME.

87. 6TH AMENDMENT: DENIAL TO LAW LIBRARY ACCESS HAS INSURED MY NON-FRIVOLOUS CLAIMS TO COURT HAVING PLACED EXTRA-RESTRICTIVE CONDITIONS I MUST HAVE MEANIFUL ACCESS TO THE COURTS IN SOMEWAY.

88. 8TH AMENDMENT: MEDICAL MALPRACTICE AND ASSAULT & BATTERY. (G) I WAS BLEEDING OUT OF MY FACE AND SWOLLEN AFTER HAVING MY FACE RAN INTO CONCRETE AND LOSING CONC-IOUSNESS (b) SHE KNEW SHE COULD'VE DID MORE AND DID-

'NT (a) / HAD OBVIOUS ABRASIONS OR SOME SORT OF FUNGUS (b) SHE DENIED ME TREATMENT AND IT SPREADED MAYBE CAUSING RINGWORMS / FUNGUS / PARASITE / JOCK ITCH (a) THEY BEAT ME FOR THEIR OWN PERSONAL REASONS (b) / WAS CUFFED AND DONE WRONG.

89. RETALIATION : ① / HAVE A RIGHT TO GRIEVE ABOUT "PRISON CONDITIONS" ② THEY LOST MY TV, SPRAYED ME WITH (OC), BEAT ME, STOPPED IN/OUTGOING MAIL, GRIEVANCE DESTRUCTION DENIED ME MEDICAL TREATMENT, SEXUALLY EXPLOITED / HARRASSED ME, TAMPERED WITH MY FOOD (ALLEGEDLY), FALSLY ARRESTED ME, TORTURED ME WITH LIGHT CONSTANTLY LITE IN CELL FOR (5) DAYS WHILE (NAKED), ANTAGONIZED ME, TREATED ME UNFAIRLY DUE TO MY RACE, AND DENIED ME DUE PROCESS. ③ FROM THE WARDEN DOWN TO C/O / HAVE HAD GRIEVABLE ISSUES AND HAVE BEEN BLOCKED BY ADMINISTRATION. THERE IS NO WAY THEY COULDN'T HAVE KNOWN / HAD FILED 20-30 NON-FRIVOLOUS (ALLEGEDLY) GRIEVANCES.

90. ① NO REASON TO KEEP FROM ME. IT WAS NOTHING THAT COULD HARM ANYONE ② MY MAIL IS LIMITED ENOUGH FROM THE WORLD I NEED LESS EXSPOSURE TO SOMEONE LOSSING IT OR THROWING IT AWAY ③ MAKES THE GUARDS FEEL AS IF THEY CAN USE IT AS A PUNISHMENT AGAINST ME ④ JUST FOLLOW THE LAW / POLICY AND PROCEDURE ESTABLISHED THEY HAD NO REASON TO RESTRICT MY MAIL WITH OUT DUE PROCESS ACCORDING TO CDOC PROCEDURES. 1ST AMENDMENT VIOLATION

91. HUDSON V. McMILLIAN, 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed. 2d 156 (1992), THIS COURT UPHELD THAT [XX Led HR1][1] "THE USE OF EXCESSIVE PHYSICAL FORCE AGAINST A PRISONER MAY CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT [even] WHEN THE INMATE DOES NOT SUFFER SERIOUS INJURY.

92. PORTER V. NUSSLE, 534 U.S. 516 (2002), THE SUPREME COURT HELD THAT "PRISON CONDITIONS" REFERS TO EVERYTHING THAT HAPPENS IN PRISON INCLUDING SINGLE INCIDENTS OF GUARD BRUTALITY OR INADEQUATE MEDICAL CARE. SEE BOOTH V. CHURNER, 532 U.S. 731 (2001), U.S. 731 (200), YOU HAVE TO USE THE PRISON'S GRIEVANCE PROCEDURE SYSTEM EVEN IF IT DOES NOT OFFER THE TYPE OF RELIEF YOU WOULD LIKE TO SUE FOR.

93. IN THE U.S. SUPREME COURT CASE, JONES V. BOCK, 549 U.S. 199 (2007), THE COURT STATED THAT PRISONERS DO NOT NEED TO SHOW IN THEIR COMPLAINT THAT THEY EXHAUSTED ALL GRIEVANCE PROCEDURES. IN MY CASE I OVER EXHAUSTED MY CLAIM THRU GRIEVANCE PROCEDURE AND ITS STILL NOT ENOUGH HOW CAN IT BE BOTH? IF I DID IT TO BE SURE IT WAS DONE RIGHT, HOW CAN I, THEN BE HELD LIABLE FOR TRYING TO DO WHAT THE PROCEDURES?

94. MONELL V. DEPT. OF SOCIAL SERVICES OF THE CITY OF NEW YORK, 436 US 659 (1978), YOU CAN SUE A CITY, OR ANY OTHER MUNICIPALTY, FOR AN INJUCTION OR DAMAGES WHERE THE VIOLATION OF YOUR RIGHTS WAS THE PRODUCT OF A CITYS OFFICIAL POLICY OR UNOFFICIAL CUSTOM PEM BAUR V. CINCINNATTI, 475

CONCLUSION

MY CASES STANDING IS DIFFERENT BECAUSE THE CIRCUMSTANCES ARE ALL RELATED TO MY CASE SOME RELATED OTHERS DIFFERENTIATE. I DO NOT KNOW THE LAW BUT CAN READ AND WRITE. AN INMATE WITH THE BARE MINIMUM OF LEGAL UNDERSTAND I HAVE PREPARED THESE PAGES. I PRAY, THAT THIS CASE SET NEW PRECEDENTS AND JUDGE FAIR AS A CITIZEN WITH CIVIL RIGHTS COMPLAINTS WITH NO EDUCATION OF THE LAW.

**OKLAHOMA DEPARTMENT OF CORRECTIONS**
REQUEST FOR LEGAL RESEARCH ASSISTANCE

This form is for obtaining materials and requesting legal research assistance from the Law Library. Questions to inmate research assistants are to be written on this form. An inmate research assistant will assist with legal research. The assistance provided through use of this form is not privileged and all correspondence between an inmate and a research assistant may be reviewed by corrections staff to determine whether or not the correspondence guidelines are followed.

_BRANDON LEE BROWN_
Name (print)

_592090_
DOC Number

_A-3-17_
Unit and Cell Number

_MARCH 31, 2021_
Date

_B.d Brown_
Signature

_I NEED HELP DRAFTING A OPPISITION TO THE EASTERN DISTRICT COURT OF OKLAHOMA_

— already on the list.

( NO HELP! DONE INDEPENDANTLY )

_3 / (signature)_
Staff Signature

_4-1-21_
Date Returned to Inmate

DOC 030115C (R 1/17)