IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRANDON LEE BROWN,           )
                             )
           Plaintiff,        )
                             )
v.                           )           No. CIV 20-124-RAW-JAR
                             )
JAMES YATES, et al.,         )
                             )
           Defendants.       )

**OPINION AND ORDER**

Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He alleges in his amended complaint (Dkt. 21) that Defendants Joe Allbaugh, former DOC Director; Mark Knutson, DOC Director's Designee; and J.C. Colbert, Contract Monitor, violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma.[1] He is seeking monetary and declaratory relief. Defendants Allbaugh, Knutson, and Colbert have filed a motion to dismiss (Dkt. 95), and Plaintiff has filed a response to the motion (Dkt. 99).

**Standard of Review**

In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.,*

---

[1] Plaintiff also has named 22 DCF officials as defendants.

653 F.3d 1281, 1285-86 (10th Cir. 2011), *cert. denied*, 565 U.S. 1201 (2012) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id*.

**Eleventh Amendment Immunity**

Defendants Allbaugh, Knutson, and Colbert allege they are entitled to Eleventh Amendment immunity. The Eleventh Amendment of the Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or

equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." "[N]either a State, nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal quotation marks omitted). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id*. (citations omitted). DOC is an arm of the state for Eleventh Amendment purposes, as are Defendants Allbaugh, Knutson, and Colbert named in their official capacities. Therefore, they are not "persons" subject to liability under § 1983. Further, Plaintiff cannot recover money damages against these Defendants in their official capacities because the Eleventh Amendment protects them against such suits. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

States may waive their Eleventh Amendment immunity, or Congress may abrogate that immunity in some instances. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). The State of Oklahoma, however, has not waived its Eleventh Amendment immunity, Okla. Stat. tit. 51, § 152.1, nor has Congress abrogated Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (*overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991)).

Under the *Ex Parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity, "a plaintiff may bring suit against individual state officers acting in their official

capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1164 (10th Cir. 2015). Here, Plaintiff is seeking prospective relief in the form of a declaratory judgment, however, he has failed to allege an ongoing violation of federal law. Instead, he complains of the denial of his prior grievances. Therefore, the Eleventh Amendment bars Plaintiff's claims against Defendant Allbaugh, Knutson, and Colbert in their official capacities. *See Burnett v. Allbaugh*, 715 F. App'x 848, 851 (10th Cir. 2017).

**First Amendment Claims**

Plaintiff alleges Defendants Allbaugh and Knutson interfered with his First Amendment rights, presumably to access the courts, through their implementation and enforcement of the inmate grievance procedure. (Dkt. 21 at 11-12). Plaintiff specifically complains about the requirement that each grievance be sent in a separate envelope. He contends that as an indigent inmate, he cannot afford the postage. While he admits the facility provided him with eight envelopes and two free mailings each month, he claims these allotments are insufficient. There, however, is no indication that any mailing delays affected a non-frivolous legal claim.

The Supreme Court has held that to demonstrate the denial of access to the courts, the plaintiff prisoner must show that prison officials' policies and practices have caused an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. Instead, "the tools

4

[required] to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355 (emphasis omitted).

Plaintiff alleges that on December 6, 2019, "Ms. Underwood and [Warden] James Yates placed [him] on 'grievance restriction' for intending to exhaust [his] remedies. (Dkt. 21 at 11). He further claims that on January 6, 2020, he sent a grievance to the DOC Director. The response from the Administrative Review Authority stated that Plaintiff was required to first address his issue directly with DCF through a Request to Staff and that the Director had not placed him on grievance restriction. (Dkt. 21 at 11). He complains that the restrictions harmed him because he did not have money to get affidavits and pay a notary fee. (Dkt. 21 at 12). Defendants contend the requirement is not a complete bar to Plaintiff's ability to grieve issues and ultimately exhaust his administrative remedies.

Defendants further allege the grievance procedure is not unconstitutional on its face. A prison policy is valid "if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine the reasonableness of the regulation, the Turner Court employed a four-part test:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the

exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *Turner*, 482 U.S. at 89-91). Applying this test to Plaintiff's claims, the Court finds that DOC's inmate grievance policy is reasonable and thus constitutional.

First, DOC clearly has a legitimate government interest in compliance with the inmate grievance procedure. The procedure allows inmates to raise concerns with respect to the conditions of their confinement and provides a means to resolve those concerns. The requirements of forms and their submission allows DOC to accept grievances, organize them, evaluate them, and respond to them in an orderly manner. Because of the number of inmates and their complaints, this is essential to maintain order.

Also, there are no alternatives to the grievance procedure that would support order in the grievance process. Removing all technical requirements of the procedure would limit the information that decision-makers have in evaluating a particular grievance. Further, it would complicate timely tracking of grievances to make sure none are missed. Removing the technical requirements would make it easier for inmates to present frivolous grievances, burdening DOC resources. Plaintiff's inability to comply with the policy does not render the policy unconstitutional. Therefore, the Court finds Defendants did not violate Plaintiff's constitutional rights, and his First Amendment claim must be dismissed.

**Sixth Amendment Claim**

Without alleging any facts in support, Plaintiff claims the defendants violated his Sixth Amendment rights. The Sixth Amendment to the Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

The Sixth Amendment concerns criminal prosecutions, and is not pertinent to issues related to the prison grievance procedure. Therefore, this claim is meritless and must be dismissed.

**Eighth Amendment Claim**

Plaintiff alleges Defendant Colbert, by "denial of procedures, due process of rights and misstatement of OPs after asking to take pictures of my injuries," violated his Eighth Amendment right to be free from cruel and unusual punishment. (Dkt. 21 at 19). Plaintiff, however, has failed to specify which procedures Colbert allegedly denied him, or how Colbert would be involved in any medical documentation or care of Plaintiff.

Plaintiff's amended complaint points to serveral Requests to Staff or other written requests submitted to Colbert, although Defendants assert those requests should have been properly submitted to other staff. (Dkt. 21-3 at 9, 11). After careful review, the Court finds Plaintiff's Eighth Amendment claim falls far short of the pleading standards in *Twombly* and its progeny. Plaintiff has failed to show with enough specificity that Colbert subjected him

to cruel and unusual punishment or was deliberately indifferent to his medical needs. Therefore, this claim also should be dismissed.

**Fifth and Fourteenth Amendment Claims**

Plaintiff alleges that Defendants Allbaugh and Knutson "implemented and enforce [sic] policy and procedures that where [sic] used as a weapon." (Dkt. 21 at 11). He also states that "Contract Monitor JC Colbert denial of procedures, due process of rights and misstatement of OPs after asking to take pictures of my injuries." *Id.* at 19.

To the extent Plaintiff believes he has a constitutionally protected right to the administrative grievance process, he is mistaken. A prisoner has no constitutional right to a grievance procedure, therefore, the failure of a prison official to respond or otherwise participate in the grievance procedure does not violate the prisoner's constitutional rights. *See, e.g., Green v. Corr. Corp. of Am.*, 401 F. App'x 371, 375 n.4 (10th Cir. 2010) (prisoner had no constitutional right to use the prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (jail and sheriff's office authorities' lack of response to prisoner's grievances did not constitute a constitutional violation; "[p]rocedurally, nothing more is required than [the inmate's] ability to raise his constitutional claims in the courts, which he obviously has done here by filing a § 1983 complaint."; *Walters v. Corr. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (prisoner failed to state a claim for § 1983 relief where he alleged a denial of access to state administrative grievance procedures; "the prisoner's right to petition the government for redress is the right of access to the courts,

which is not compromised by the prison's refusal to entertain his grievance.").

Here, the defendants did nothing more than enact a grievance policy and enforce the requirements of that policy. A denial of Plaintiff's grievance appeals in accordance with DOC policy did not violate his due process rights. Therefore, his Fifth and Fourteenth Amendment claims must be dismissed.

**Declaratory Relief**

Finally, Plaintiff is seeking "[a] declaration that the acts and omission described in [the amended complaint] violated [his] rights under the Constitution and laws of the United States." (Dkt. 21 at 33). "[I]n . . . an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Jordan v. Sosa*, 654 F. 3d 1012, 1025 (10th Cir. 2011). Because Plaintiff seeks only a retrospective opinion that the defendants harmed him, his claim for declaratory relief fails.

**ACCORDINGLY,** Defendants Allbaugh, Knutson, and Colbert's motion to dismiss (Dkt. 95) is GRANTED.

**IT IS SO ORDERED** this 29th day of March 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma