UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON LEE BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 20-CV-124-RAW-JAR |
| | ) |
| **JAMES YATES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiff Brandon Brown, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. *See* Dkt. 21. Defendants CoreCivic, Inc., Bailey, Berry, Brown, Choate, Doreman, Dupis, Gentry, Goodwin, Keyes, Louthan, Lysinger, Mowers, Patterson, Perez, Riddle, Shivley, Smith, Underwood, and Vance ("Defendants") have moved for summary judgment. *See* Dkt. 135. Plaintiff did not file a timely response to the motion. For the following reasons, the Court GRANTS summary judgment in favor of Defendants.

I. LEGAL STANDARD

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.'" *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011). A fact is material if it "is essential to the proper disposition of the claim." *Id.* (internal quotation marks omitted). "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Libertarian Party of N.M. v. Herrera,* 506 F.3d 1303, 1309 (10th Cir. 2007). The burden then shifts to the nonmovant

to "'set forth specific facts' from which a rational trier of fact could find for the nonmovant." *Id.* The assertion that a fact is or cannot be genuinely disputed must be supported by citation "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (internal quotation marks omitted).

When a defendant asserts an affirmative defense in a motion for summary judgment, the defendant "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (internal quotation marks omitted). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff fails to make this showing, "the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

II.   DISCUSSION

In his Amended Complaint, Plaintiff broadly alleges the use of excessive force, the denial of medical care, unconstitutional conditions of confinement, and additional deprivations occurring under the First, Fifth, Sixth, and Fourteenth Amendments, during his incarceration at the Davis

Correctional Facility (DCF) in Holdenville, Oklahoma. *See* Dkt. 21, at 7-31.[1] Defendants seek summary judgment on the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing this action, in contravention of the Prison Litigation Reform Act (PLRA). Dkt. 135, at 23-33.

The PLRA prescribes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). The prisoner must use "all steps that the agency holds out, and [do] so *properly*." *Id.* at 90 (internal quotation marks omitted). Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted). "Once a defendant proves that a plaintiff failed to exhaust [his administrative remedies], . . . the onus falls on the plaintiff to show that remedies were unavailable to him." *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *May v. Segovia*, 929 F.3d 1223, 1234 (2019).

The grievance procedure utilized by DCF requires an inmate initially to attempt informal resolution of his or her complaint by speaking with the affected staff member within three days of

---

[1] The Court's citations refer to the CM/ECF header pagination.

the incident. Dkt. 135-4, at 8. If the conversation does not resolve the matter, the inmate must submit a written Request to Staff within seven days of the incident. *Id.* If the inmate is dissatisfied with the response received from the Request to Staff, he or she may file a formal grievance with the appropriate reviewing authority within fifteen days. *Id.* at 10-11. Finally, the inmate may appeal the reviewing authority's response to the formal grievance within fifteen days of its receipt. *Id.* at 14. Under the policy, Requests to Staff, formal grievances, and grievance appeals must adhere to certain requirements as to form and substance. *Id.* at 7-17.

Defendants have submitted an affidavit from DCF's Grievance Coordinator, who attests that she reviewed Brown's grievance submissions for the time period relevant to this action, July 25, 2019, to June 4, 2020. Dkt. 135-2, at 3-4. She states that Brown filed 37 grievances during this time period but failed to properly exhaust any grievance containing issues relevant to his federal claims. *Id.* Defendants further provided Brown's grievance submissions and the administrative responses thereto. Dkts. 135-5, 135-6, 135-7. These records reflect that, in each case, Brown either did not appeal the grievance determination or he filed an appeal improperly.[2] Thus, the evidence demonstrates that Brown failed to effectuate proper exhaustion as to any issue relevant to the claims raised in his pleading.

Because Defendants have met their initial burden of proof, Brown must "demonstrate with

---

[2] Brown appealed six grievance determinations within the relevant time period. The Administrative Review Authority (ARA) determined that five of the appeals were filed improperly because they (1) were received out of time from the date of the reviewing authority's response, in violation of OP-090124, section VIII.B.1.a, and (2) did not include the affidavit required of inmates on grievance restriction pursuant to OP-090124, section X.B.2.a. *See* Dkt. 135-6, at 67 (Grievance No. 2020-1001-00055-G); Dkt. 135-7, at 5 (Grievance No. 2020-1001-00072-G); *id.* at 14 (Grievance No. 2020-1001-00082-G); *id.* at 20 (Grievance No. 2020-1001-00084-G); *id.* at 55 (Grievance No. 2020-1001-00149-G). The ARA found that the sixth appeal was filed improperly because it did not include the affidavit required of inmates on grievance restriction. *See id.* at 2 (Grievance No. 2020-1001-00070-G). The ARA provided Brown ten days to correct the deficiency, but Brown did not resubmit the appeal. *See id.*

4

specificity the existence of a disputed material fact" to avoid summary judgment on his claims. *Hutchinson*, 105 F.3d at 564. As noted, Brown failed to respond to Defendants' motion. Brown did assert in his pleading that his efforts to exhaust were hindered because he was placed on grievance restrictions. *See* Dkt. 21, at 11-12, 21. Under DCF's grievance policy, if an inmate abuses the grievance process, certain grievance restrictions may be imposed, including the requirement that all grievances and appeals contain a notarized affidavit. *See* Dkt. 135-4, at 19-21. Brown alleges that he was unable to afford a notary to comply with this requirement. *See* Dkt. 21, at 11-12, 21. Brown's allegation, however, indicates that his inability to exhaust his administrative remedies was the result of his own financial circumstances, not the "action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Tenth Circuit has rejected the argument that the grievance restrictions, alone, render administrative remedies unavailable. *See Thomas*, 609 F.3d at 1118; *Morris v. Fallin*, 798 F. App'x 261, 269 (10th Cir. 2020).

Accordingly, Brown has failed to demonstrate a material factual dispute as to his failure to exhaust administrate remedies. Defendants are therefore entitled to summary judgment as a matter of law.

III.   CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Dkt. 135) is GRANTED.

IT IS SO ORDERED this 27th day of March, 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE